IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Judge Blanche M. Manning |
| v. ) | Case No. 98 CR 923 |
| JOSEPH MIEDZIANOWSKI, ) ALINA LIS, and OMAR FELICIANO ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the court on a limited remand by the Seventh Circuit Court of Appeals to determine whether this court would impose the defendants' original sentences had the sentencing guidelines been advisory rather than mandatory. *See U.S. v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In *Paladino*, the court stated that:

> Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation, or inform this court of its desire to resentence the defendant.

*Id.* at 484 (citation and quotation marks omitted). In making this statement, the court should obtain the views of counsel but need not require the presence of the defendant. *Id.*

### I. BACKGROUND

Joseph Miedzianowski, a former Chicago police officer, and others, including Alina Lis and Omar Feliciano, were charged with conspiring to commit acts of racketeering and to distribute narcotics. The sixth superseding indictment contained 14 counts. Count 1 charged Miedzianowski and another defendant with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Count 2 charged Miedzianowski and the other defendants with drug conspiracy, in violation of 21 U.S.C. § 846. As for Counts 3-14, Miedzianowski was the only defendant who went to trial on these counts. At the conclusion of the Government's case in chief, it dismissed Counts 3-6. Counts 7-14 were subsequently renumbered as Counts 3-10. After a 13 week trial,

the jury found Miedzianowski guilty of RICO conspiracy (Count 1), conspiracy to possess with intent to distribute narcotics (Count 2), conspiracy to commit extortion (Counts 3 and 7), extortion (Count 4), possession with intent to distribute cocaine (Count 5), unlawful possession of a firearm (Counts 6 and 9), and distribution of cocaine (Counts 8 and 10). The jury also found Lis and Feliciano guilty of conspiracy to possess with intent to distribute narcotics (count 2).

## II. ANALYSIS

In determining whether it would impose the same sentence had the guidelines been advisory rather than mandatory, the court has reviewed the written submissions of the parties as to this remand, and their presentence reports (PSR). As required under 18 U.S.C. § 3553(a), the court has considered the nature and circumstances of the offense, the history and characteristics of the defendant, the purpose for imposing the sentence,[1] the kinds of sentences available, the advisory guideline ranges, and the need to avoid unwarranted sentencing disparities.

### A. *Joseph Miedzianowski*

After his conviction, the United States Probation Office ("Probation") completed a PSR for Miedzianowski. Using the 2001 edition of the United States Sentencing Guidelines ("the guidelines"), Probation calculated Miedzianowski's total offense level as a 46 with a criminal history category of I, for which the guideline range of imprisonment was life. At sentencing, the court overruled Miedzianowski's objections to the PSR. The court sentenced Miedzianowski to serve a term of life imprisonment on Counts 1 and 2, five years each on Counts 3, 4, 6, 7, 8, 9, and 10 to be served concurrently, and a term of five years on Count 5 to be served consecutive to the life sentence imposed on Count 2.

Miedzianowski now requests that the court reduce his sentence to the mandatory minimum as to Count Two of ten years (120 months) in prison. Miedzianowski bases this

---

[1] According to § 3553(a), the sentence imposed should: (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further crimes of the defendant; and (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

-2-

request on various factors, including his supportive family, his lack of a criminal history, and the commendations he received while a police officer. He also asserts that the 120-month sentence would protect the public from further crimes and "would probably be a sufficient deterrent for him."

To the extent that Miedzianowski's argument relies on post-sentencing conduct or events, it fails as such conduct or events are not relevant on a *Paladino* remand. *U.S. v. Re*, 419 F.3d 582, 584 (7th Cir. 2005) ("in a *Paladino* remand the conduct or circumstances that bear on the § 3553(a) factors must have been in existence at the time the original sentence was imposed. . . . Post-sentencing events or conduct simply are not relevant to th[e *Paladino*] inquiry.").

As to this court's consideration of the factors listed by Miedzianowski in light of *Booker*, the court already considered them at the original sentencing and the court would not have imposed a different sentence had the guidelines been advisory. This court sat through Miedzianowski's 13-week trial and vividly recalls the numerous witnesses who testified about Miedzianowski's significant criminal conduct and his abuse of position as a Chicago police officer. Indeed, in rejecting Miedzianowski's objections to his PSR at the original sentencing this court found that:

- there was "sufficient evidence to support Probation's finding that Miedzianowski possessed with intent to distribute over 150 kilograms of cocaine and over 1.5 kilograms of cocaine base" *U.S. v. Miedzianowski*, No. 98 CR 923, 2003 WL 280582, at * 5 (N.D. Ill. Feb. 6, 2003);

- Miedzianowski had obstructed justice by committing perjury at trial, *id.*, and;

- Miedzianowski was a leader/organizer of a criminal conspiracy which involved five or more people. *Id.* ("Miedzianowski exercised control of the operation, recruited members, and threatened members to keep them in line. For example, numerous witnesses testified that Miedzianowski acted as a mediator and de facto judge when the coconspirators got into disputes over drug debts and prices. Likewise, before the coconspirators would rob and cheat each other, they would seek Miedzianowski's approval. Miedzianowski recruited persons into the conspiracy to supply and distribute drugs. In addition, as he did with Sam Castro, Miedzianowski instructed members of the conspiracy how to be successful drug dealers.")

Moreover, at least one wiretap admitted at trial indicated that Miedzianowski, as a result of his

position as a police officer, assisted Sam Castro, a co-defendant in this case, in identifying plainclothes law enforcement officers and ascertaining the target of the officers' stakeout.

In his position paper with respect to this *Paladino* remand, Miedzianowski notes that this court stated during sentencing that it imposed the original sentence with a "heavy heart." It is true that the court so indicated – the court does not relish putting anyone in prison for the rest of his or her life. But the statement merely reflected the court's recognition of the impact the sentence would have on Miedzianowski's family, *see* transcript of January 24, 2003 at 56 ("I have a heavy heart in doing this, and I truly sympathize with your family") and was not an indication that it believed the sentence was unwarranted.

In short, Miedzianowski's grievous abuse of his police badge, the invidious nature of Miedzianowski's criminal activities, the length of time over which they occurred, the breadth of the effect they have had on other people's lives, and the amount of drugs at issue, this court finds that it would not have sentenced Miedzianowski differently had the guidelines been advisory. Miedzianowski's arguments to the contrary wholly fail to take these factors into account. The court believes, as it did at the time of the original sentencing, that the sentence imposed is reasonable and is necessary to protect the public and reflect the seriousness of Miedzianowski's offenses.

B.  *Lis and Feliciano*

After having reviewed these defendants' PSRs and the parties' position statements on remand, as well as considering the factors under 18 U.S.C. § 3553(a), the court cannot conclude that it would have imposed the same sentences as to these two defendants had it known that the guidelines were advisory rather than mandatory.

**ENTER:**

*Blanche M. Manning*
_____
**Blanche M. Manning**
**United States District Judge**

**DATE:** February 3, 2006